UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| L.A. ENTERPRISES, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-11 |
| ) | |
| ROADWAY EXPRESS, INC., ) | Judge Mattice |
| ) | |
| *Defendant*. ) | |

## **MEMORANDUM**

Plaintiff L.A. Enterprises, Inc. brings this action against Defendant Roadway Express, Inc., alleging a claim under the Carmack Amendment, 49 U.S.C. § 14706, and state law claims of negligence, breach of bailment, and breach of contract.

Before the Court is Defendant Roadway Express, Inc.'s Motion to Dismiss, in which Defendant seeks the dismissal of Plaintiff's state law claims under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not filed a response to this motion,[1] and the Court deems Plaintiff to have waived opposition to it. E.D.TN. LR 7.2.

For the reasons explained below, Defendant's Motion to Dismiss will be **GRANTED**.

### **I. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief

---

[1] Plaintiff's original complaint did not state a cause of action under the Carmack Amendment, spurring Defendant to file its motion to dismiss. Plaintiff responded to Defendant's motion to dismiss by amending its complaint to add such a cause of action. Beyond amending its complaint, Plaintiff has not provided any other response to Defendant's motion and has not presented any arguments regarding why its state law claims should not be dismissed.

even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The complaint must contain either "direct or inferential allegations respecting all the material elements to sustain a recovery . . . ." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations and citations omitted). The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court must construe the complaint in the light most favorable to plaintiff and accept as true all well-pleaded factual allegations. *Arrow*, 358 F.3d at 393; *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

## II.     FACTUAL BACKGROUND

Viewing the complaint in the light most favorable to Plaintiff and accepting as true all well-pleaded allegations, the facts of the case are as follows.

In October of 2005, Plaintiff L.A. Enterprises, Inc. contracted with Defendant Roadway Express, Inc. for the delivery of a CNC machine. (Court Doc. No. 15, Am. Compl. ¶ III.) Defendant was to pick up the machine at L.A. Enterprises in Soddy Daisy, Tennessee, and deliver the machine to Ellensburg, Washington. (*Id.*) The machine was picked up by Defendant on October 20, 2005. (*Id.*) After the machine was picked up by

Defendant, but before it arrived at its ultimate destination, the machine was severely damaged. (*Id.* ¶ IV.)

**III. ANALYSIS**

Defendant asserts that Plaintiff's state law claims of negligence, breach of bailment, and breach of contract should be dismissed because they are preempted by the Carmack Amendment.

"With the enactment in 1906 of the Carmack Amendment, Congress superseded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss." *N.Y., N.H., & Hartford R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953). It is well settled that the Carmack Amendment preempts state common law and statutory causes of action relating to the shipment of goods by interstate carriers. *Toledo Ticket Co. v. Roadway Express, Inc.*, 133 F.3d 439, 441 (6th Cir. 1998); *W.D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 421 (6th Cir. 1972); *see also Adams Express Co. v. Croninger*, 226 U.S. 491 (1913).

It is clear that the instant case involves the shipment of goods by an interstate carrier. (Am. Compl. ¶¶ III, XII.) Accordingly, Defendant's motion to dismiss must be granted with respect to Plaintiff's state law claims of negligence, breach of bailment, and breach of contract, as a claim under the Carmack Amendment is the only proper cause of action for the alleged damage to the CNC machine.

Defendant also asserts that Plaintiff's state law claims should be dismissed because Plaintiff's complaint sets forth a damage calculation that is not permitted by the Carmack Amendment. Specifically, Defendant contends that Plaintiff's calculation is not permissible

because it includes the value of the machine, freight and shipping costs, and the cost of having two people ready to train consumers in the use of the machine.

The Carmack Amendment permits parties to recover damages for "actual loss or injury to the property . . . ." 49 U.S.C. § 14706(a)(1). The amount of actual loss to property is generally the difference between the market value of the property in the condition in which it should have arrived at its destination and its market value in the condition in which it did arrive. *Contempo Metal Furniture Co. of Cal. v. E. Tex. Motor Freight Lines, Inc.*, 661 F.2d 761, 764 (9th Cir. 1981) (citing *Gulf, Colo. & Santa Fe Ry. v. Tex. Packing Co.*, 244 U.S. 31, 37 (1917)). Some courts have held that it can be proper to include freight charges in the calculation of actual loss. *Marquette Cement Mfg. Co. v. Louisville & Nashville R.R. Co.*, 406 F.2d 731, 732 (6th Cir. 1969); *Contempo Metal Furniture*, 661 F.2d at 764.

The Court notes that the Carmack Amendment likely prohibits Plaintiff's recovery of damages related to the cost of having two people ready to train consumers in the use of the machine because such losses are not "actual loss or injury to the property." *See* 49 U.S.C. § 14706(a)(1). The propriety of the other elements of Plaintiff's damage calculation is not as clear, and without discovery, it is difficult for the Court to determine whether Plaintiff's assertion of its damages goes beyond what is allowable under the Carmack Amendment. The Court, however, need not determine the propriety of Plaintiff's damage calculation in order to grant Defendant the relief it requests in the instant motion: Defendant indicates in its motion and the accompanying memoranda that it seeks only the dismissal of Plaintiff's state law claims, and the Court has already determined that the dismissal of Plaintiff's state law claims is appropriate.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss will be **GRANTED**, and Plaintiff's state law claims of negligence, breach of bailment, and breach of contract will be **DISMISSED WITH PREJUDICE**.

A separate order will enter.

                                      *s/ Harry S. Mattice, Jr.*
                                   HARRY S. MATTICE, JR.
                                UNITED STATES DISTRICT JUDGE